IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02790-RMR-SBP

MESHEL T SIRIO,

      Plaintiff,

v.

MOSES ANDRE STANCIL, *in his official capacity as the Executive Director of the Colorado Department of Corrections*; RYAN LONG, *in his personal capacity*; RYAN FLORES, *in his personal capacity*; CATHY ALEXANDER, *in his personal capacity*; and GARY LITTLE, *in his personal capacity*,

      Defendants.

---

**ORDER**

---

**Susan Prose, United States Magistrate Judge.**

This matter comes before the court on Defendant Moses Andre Stancil ("Defendant")'s Motion for Expedited Discovery (the "Motion for Discovery"), ECF No. 23, and Defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction (the "Motion for Extension"). ECF No. 24. The undersigned considers the Motions pursuant to the Order of Reference, ECF No. 9, the memorandum referring the Motions, ECF No. 25, and 28 U.S.C. § 636(b)(1). The court has reviewed the Motions, the related filings, and the applicable law. For the reasons set forth below, each Motion is **GRANTED IN PART**.

**I.      ANALYSIS**

The court assumes familiarity with the underlying allegations and procedural history in this matter, which are largely irrelevant for the purpose of ruling upon the Motions except as addressed below.

Defendant has moved via the Motion for Discovery for expedited discovery related to Plaintiff's pending Motion for Preliminary Injunction pending at ECF No. 15 (Plaintiff's "Motion for Injunction") and has moved via the Motion for Extension to extend his time to

1

respond to the Motion for Injunction until thirty days after completion of this expedited discovery. Plaintiff opposes both Motions. "Response to Motion for Discovery," ECF No. 26; "Response to Motion for Extension," ECF No. 27. Defendant has replied. *See* ECF Nos. 31, 32.

The court first turns to the Motion for Discovery. "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). "The good cause standard may be satisfied where a party seeks a preliminary injunction." *Id*.

"Courts consider a number of factors to determine the reasonableness of the request for expedited discovery before a preliminary injunction hearing or to support a preliminary injunction motion, including (1) whether a preliminary injunction is pending; (2) how far in advance of the typical discovery process the request was made; (3) the purpose for requesting the expedited discovery; (4) the breadth of the discovery requests; [and] (5) the burden on the [non-moving party] to comply with the requests." *Colorado Montana Wyoming State Area Conf. of the NAACP v. United States Election Integrity Plan*, No. 22-cv-00581-PAB, 2022 WL 1443057, at *2 (D. Colo. May 6, 2022) (citing *Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009)).

In opposing the Motion for Discovery, Plaintiff argues that Defendant's "unreasonable delay" in seeking expedited discovery should be considered "fatal" to the Motion for Discovery. Response to Motion for Discovery at 4. In support of this argument, Plaintiff states that Defendant "waited over two and a half months to request 'expedited' relief" and that Plaintiff would be further unduly prejudiced by the "effectively . . . six-month procedure" that would be imposed upon the parties were the court to grant Defendant's Motion for Discovery in full. *Id*. at 4-6.

Presuming that delay is a factor the court should consider in determining whether expedited discovery is warranted, the court nonetheless disagrees that there was any delay in Defendant seeking expedited discovery here that might weigh against granting Defendant's Motion for Discovery.

2

First, Defendant's response to Plaintiff's Motion for Injunction is not untimely. Plaintiff did not oppose Defendant's prior request for an extension of time to respond to the Motion for Injunction, which counsel for Defendant requested on the grounds that they had been unable to schedule a time to speak with at least one of the named defendants and because counsel was facing a particularly busy caseload. Due to the extension granted as a result of that request, Defendant's motion remains timely, and so the court does not find that Defendant has yet exhibited any delay beyond the time limits proscribed by the court (including an extension that went unopposed by Plaintiff) in responding to the Motion for Injunction, let alone any unreasonable delay.

Second, the two cases Plaintiff cites in arguing that Defendant's delay in bringing the Motion for Discovery was "unreasonable" do not support her argument. *See* Response to Motion for Discovery at 5-6.

The first case, *Wailes v. Jefferson Cnty. Pub. Schs.*, No. 24-cv-02439-RMR, 2024 WL 4433942 (D. Colo. 2024), deals with a request for expedited discovery that was granted, and at most, the case reflects that in certain instances, requests for expedited discovery *can* be made within a shorter timeframe than Defendant's request here, not that they *should* or *must* be made within such a timeframe.

The second case, *Colorado Montana Wyoming*, denies a movant's request for expedited discovery *related to its own motion* because, *among other factors*, the movant "did not seek expedited discovery immediately upon filing their complaint or their motion for a TRO and preliminary injunction." *See* 2022 WL 1443057 at *3. Here, it is the respondent who has filed the motion for expedited discovery, not the movant, making the "delay" at issue far more understandable. A movant would need to assess whether any discovery would be necessary in advance in the course of drafting their motion for injunction; here, in contrast, as the respondent, Defendant necessarily required time to determine whether he was positioned to oppose the Motion for Injunction without conducting discovery or if discovery would be necessary for him to adequately do so. Furthermore, the movant's delay in *Colorado Montana Wyoming* was only one factor among several the court considered in denying the motion for expedited discovery.

3

Accordingly, the court does not find Plaintiff's argument that Defendant's delay was unreasonable compelling.

Plaintiff's other argument in opposing the Motion for Discovery is that Defendant, as a representative of the Colorado Department of Corrections (the "State"), "seeks information regarding past events regarding the operation of" the State's policy entitled Practices Concerning Transgender, Gender Diverse, or Intersex Offenders, but Plaintiff should not be responsible for providing this information, as Defendant is "in the best position to know how [the State's] own policy will operate in the future"; additionally, Plaintiff argues that the State should already "be aware of much of the information that it seeks, and [Defendant] has not explained why [the State] cannot obtain that information from its own sources or whether it even tried." Response to Motion for Discovery at 6-7.

Defendant states that he seeks information regarding "allegations concerning female inmates allegedly becoming pregnant while in custody, other female inmates receiving abortions, and incidents of 'domestic violence' between transgender and cisgender women [asserted] 'on information and belief'" *by Plaintiff*. Motion for Discovery at ¶ 5 (citations removed). Defendant does not appear to seek information regarding the operation of the State's transgender policies, except to the extent those policies may or may not incidentally touch upon the information he does seek; Plaintiff has therefore incorrectly characterized the information sought by Defendant.

Additionally, in his accompanying Motion for Extension (filed the same day as the Motion), Defendant states that he has tried to obtain the information at issue by "reviewing documents and speaking with CDOC witnesses in an effort to respond to the PI Motion, but thus far, has been unable to locate any substantiated evidence to support Plaintiff's assertions related to the purported danger she faces by housing transgender women at DWCF." Motion for Extension at ¶ 9. As a result, despite Plaintiff's representation otherwise, Defendant has explicitly stated that he has tried to obtain the information at issue from the State's own sources, but has (thus far) been unsuccessful.

Accordingly, the court finds each argument raised by Plaintiff in opposing the Motion for Discovery uncompelling. Moreover, the court finds that the factors set forth in *Colorado Montana Wyoming*, particularly factors one and three, weigh in favor of granting expedited

4

discovery here. A preliminary injunction is pending, and the purpose for requesting the expedited discovery is reasonable given that Plaintiff's Motion for Injunction contains many allegations based upon information and belief and Defendant's purpose in requesting discovery is to gather information regarding the foundations of these allegations. The court also finds that factor two does not weigh against granting the Motion for Discovery.

The court further finds pursuant to factor five that it would not be a substantial burden upon Plaintiff to comply with the discovery requested. While Plaintiff cursorily argues that it would prejudice Plaintiff to comply because of the delay in resolving Plaintiff's Motion for Injunction, as addressed above, any such delay here has been reasonable. Furthermore, and relatedly, Plaintiff does not deny Defendant's assertion that Plaintiff is not currently housed with a transgender woman, the circumstance that Plaintiff seeks to avoid through her request for an injunction. *See* Motion for Discovery at 10. Regardless, the burden upon Defendant if Defendant were forced to proceed without discovery would outweigh any potential burden to Plaintiff here. *See, e.g.*, *Metal Bldg. Components, L.P. v. Caperton*, No. 04-cv-0256-MV-DJS, 2004 WL 7337726, at *4 (D.N.M. Apr. 2, 2004) ("Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant.").

With reference to factor four from the *Colorado Montana Wyoming* test, however, the court finds that it would be appropriate to curtail the breadth and the temporal extent of the discovery requested by Defendant. Accordingly, the Motion for Discovery is granted in part. By no later than seven days subsequent to the date of this Order, Defendant may serve up to ten requests for admission upon Plaintiff. However, the court limits Defendant to two requests for production and denies Defendant's requests for interrogatories without prejudice. If Defendant is able to articulate a need to serve interrogatories or further requests for production upon Plaintiff *after* conducting Plaintiff's deposition, he may move to do so at that time.

Plaintiff will be permitted up to twenty-one days to respond to Defendant's requests for admission and requests for production. The parties are directed to schedule the deposition of Plaintiff for a date no later than ten days subsequent to the date of Plaintiff's production in response to these requests. The deposition itself shall be limited to no more than two (2) hours. The subject matter of Plaintiff's deposition shall be limited to Plaintiff's allegations contained at

¶¶ 15-16 of Plaintiff's Motion for Injunction. *See* Motion at ¶¶ 5-6 (requesting discovery regarding those allegations and stating that "Defendant's requested discovery is narrowly crafted to address these issues and the allegations raised in the PI Motion").

Turning to the Motion for Extension, Plaintiff raises the same argument that he raised in opposition to the Motion for Discovery regarding supposedly unreasonable delay. Again, the court does not find this argument compelling. However, the court does find it appropriate to curtail the time permitted to Defendant to respond to the Motion for Injunction. Accordingly, the Motion for Extension is granted in part. Defendant will be given fourteen days after the completion of limited expedited discovery to respond to the Motion for Injunction.

## II.    CONCLUSION

For the reasons above, Defendant's Motion for Discovery is **GRANTED IN PART**. Defendant's Motion for Extension is **GRANTED IN PART**.[1]

DATED:                                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").